IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| Richard Koplin<br>200 Dale Drive<br>Rockville, MD 20850<br><br>    v.<br><br>Wells Fargo Financial Acceptance<br>Delaware, Inc.<br>Please Serve:<br>Resident Agent<br>CSC Lawyers Incorporating Service Co.<br>11 E. Chase St.<br>Baltimore, MD   21202<br><br>Equifax Information Services, LLC,<br>a foreign limited liability company,<br>Please Serve<br>Resident Agent<br>CSC Lawyers Incorporating Service Co.<br>11 E. Chase St.<br>Baltimore, MD   21202<br><br>Trans Union, LLC,<br>a foreign limited liability company,<br>Please Serve<br>Resident Agent<br>CSC Lawyers Incorporating Service Co.<br>11 E. Chase St.<br>Baltimore, MD   21202<br><br>Experian Information Solutions, Inc.,<br>a foreign corporation.<br>Please Serve<br>Resident Agent<br>The Corporation Trust Incorporated<br>300 E Lombard St<br>Baltimore, MD   21202<br><br>    Defendants. | Civil No. _____ |

**COMPLAINT**

**JURISDICTION**

1.     At all times relevant hereto, plaintiff was an adult citizen of Montgomery County, Maryland, residing at the above captioned address.

2. At all times relevant hereto, defendant Wells Fargo Financial Acceptance Delaware, Inc. was an entity incorporated under the laws of a foreign jurisdiction with principal place of business outside the state of Maryland. At all times relevant hereto, defendant was in the business of, among other things, lending money to consumers.

3. At all times relevant hereto, defendant Equifax Information Services, LLC was an entity incorporated under the laws of a foreign jurisdiction with principal place of business outside the state of Maryland. At all times relevant hereto, defendant was in the business of, among other things, reporting consumer credit to various other entities.

4. At all times relevant hereto, defendant Trans Union LLC was an entity incorporated under the laws of a foreign jurisdiction with principal place of business outside the state of Maryland. At all times relevant hereto, defendant was in the business of, among other things, reporting consumer credit to various other entities.

5. At all times relevant hereto, defendant Experian Information Solutions, Inc. was an entity incorporated under the laws of a foreign jurisdiction with principal place of business outside the state of Maryland. At all times relevant hereto, defendant was in the business of, among other things, reporting consumer credit to various other entities.

6. This Court has jurisdiction pursuant to the FCRA, 15 U.S.C. Section 1681(p), and the doctrine of pendent jurisdiction. Venue lies in the southern division of Maryland as plaintiff's claims arose from acts of the defendants perpetrated therein.

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff brings this action for damages based upon defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. sections 1681 *et seq.* ("FCRA'), and of state law obligations brought as supplemental claims.

8. Plaintiff is a natural person and is a resident and citizen of Montgomery County, Maryland. Plaintiff is a "consumer" as defined by sections 1681 a(c) of the FCRA.

9. Wells Fargo Financial Acceptance Delaware, Inc. ("Wells Fargo") is a national banking entity doing business in the state of Maryland.

10. Beneficial Bank is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

11. Equifax Information Services LLC, ("Equifax"), is a foreign limited liability company entity licensed to do business in the state of Maryland.

12. Equifax is a consumer reporting agency, as defined in section 1681(1) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

13. Trans Union LLC, ("Trans Union"), is a foreign limited liability company licensed to do business in the state of Maryland.

14. Trans Union is a consumer reporting agency, as defined in section 1681(1) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, third parties.

15. Experian Information Solutions, Inc. ("Experian"), is a foreign corporation licensed to do business in the state of Maryland.

16. Experian is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section I681a(d) of the FCRA. to third parties.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

17. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the defendants.

19. In early 2005, plaintiff became aware that Wells Fargo had incorrectly reported negative information regarding his credit to various credit reporting agencies. The negative information concerned loans numbered 68735560, 13577953, and 36994330.

20. Plaintiff promptly contacted the credit bureaus and Wells Fargo requesting that the matter be re-investigated and removed from his credit reports.

21. Wells Fargo has steadfastly refused to instruct the credit reporting agencies to remove the negative information from their reports despite plaintiff's repeated requests that it do so.

22. The credit reporting agencies have steadfastly refused to remove the information from the credit reports despite plaintiff's repeated requests that they do so.

**COUNT I**
(Wells Fargo)

23. Plaintiff incorporates the factual allegations of paragraphs 1 through 22 above as though fully set forth herein.

24. Wells Fargo has damaged plaintiff by:

    a) willfully and/or negligently violating the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, including sections 1681s-2(b);

    b) defamed plaintiff by publishing to third parties false negative information regarding his creditworthiness;

    c) invaded the privacy of plaintiff;

    d) committed unfair and deceptive acts against plaintiff in the course if its business in violation of state consumer protection legislation; and

e)   and otherwise to be determined during discovery pursuant to the applicable rules of civil procedure.

## COUNT II
(Equifax)

25. Plaintiff incorporates the factual allegations of paragraphs 1 through 24 above as though fully set forth herein.

26. In the entire course of its action, Equifax willfully and/or negligently violated the provisions of the FCRA in the following respects:

a)   by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

b)   by willfully and/or negligently failing to comport with FCRA, including section 1681i.

c)   defaming plaintiff by publishing to third parties false information regarding his creditworthiness;

d)   invading the privacy of plaintiff;

e)   failing in its duty to prevent foreseeable injury to plaintiff; and

f)   otherwise to be determined during discovery pursuant to the applicable rules of civil procedure.

## COUNT III
(Trans Union)

27. Plaintiff incorporates the factual allegations of paragraphs 1 through 26 above as though fully set forth herein.

28. In the entire course of its action, Trans Union willfully and/or negligently violated the provisions of the FCRA in the following respects:

a) by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

b) by willfully and/or negligently failing to comport with FCRA, including section 1681i.

c) defaming plaintiff by publishing to third parties false information regarding his creditworthiness;

d) invading the privacy of plaintiff;

e) failing in its duty to prevent foreseeable injury to plaintiff and

f) otherwise to be determined during discovery pursuant to the applicable rules of civil procedure.

## COUNT IV
(Experian)

29. Plaintiff incorporates the factual allegations of paragraphs 1 through 28 above as though fully set forth herein.

30. In the entire course of its action, Experian willfully and/or negligently violated the provisions of the FCRA in the following respects:

a) by willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

b) by willfully and/or negligently failing to comport with FCRA, including section 1681i.

c) defaming plaintiff by publishing to third parties false information regarding his creditworthiness;

d) invading the privacy of plaintiff;

e) failing in its duty to prevent foreseeable injury to plaintiff and

      f)    otherwise to be determined during discovery pursuant to the applicable rules of civil procedure.

WHEREFORE, plaintiff respectfully demands judgment against the defendants, and all of them, jointly and severally, for compensatory damages in the full amount permitted by law, including attorneys fees, plus interests and costs, and for whatever other and further relief may be required in the interests of justice.

      Respectfully submitted,

      MEISELMAN, SALZER, INMAN & KAMINOW, P.C.

      _____
      David J. Kaminow, Esquire
      50 West Montgomery Avenue, Suite 230
      Rockville, MD 20850
      301-315-9400

      Attorneys for plaintiff

## JURY DEMAND

Plaintiff respectfully demands a jury to the full extent one is allowable on all issues herein.

      _____
      David J. Kaminow